## ALEXANDER v. HOME INS. CO. OF NEW YORK. *

### No. 4332.

Court of Appeal of Louisiana.   Second Circuit.

June 29, 1932.

Thatcher, Browne, Porteous & Myers, of Shreveport, and Clifford E. Hays, of Minden, for appellant.

John T. Campbell, of Minden, for appellee.

McGREGOR, J.

This is a suit on a fire insurance policy to recover the value of a Ford truck alleged to have been totally destroyed by fire. In the petition it is alleged: (1) That the truck was insured in a sum not exceeding $608, and that at the time of its destruction by fire it was worth the sum of $450; (2) that proof of loss had been prepared and forwarded to the defendant as required by law; (3) that the defendant had denied liability and had refused to pay the amount claimed or any other amount; and, (4) that more than sixty days have elapsed since the property was destroyed by fire and since the proof of loss had been furnished and filed as required by law. Judgment is prayed for: (1) In the sum of $450, with interest, as the value of the truck; (2) 25 per cent. of that sum as penalty for forcing the plaintiff to file suit; and (3) for $150 attorney's fees, all as provided for in Act No. 59 of 1921 (Ex. Sess.).

The defendant answered and set up two defenses in justification of its denial of liability and refusal to pay, viz.:

(1) That the policy of insurance sued upon was issued upon statement contained in it that the truck insured was a 1930 model, when in fact it was a 1929 model.

(2) That the said policy was issued upon the further statement contained in it that the purchase price of the truck was $759.50, when in truth and in fact it was $699.50, or $60 less.

It is alleged by the defendant that the above statements constituted warranties, and that, since they were both false and untrue, this fact constitutes a breach of warranty, which voids the policy and renders it null and of no effect.

*Rehearing granted July 14, 1932.

Upon trial in the district court there was judgment in favor of the plaintiff: (1) For the sum of $400 with interest, as the value of the truck at the time of its destruction; (2) for 25 per cent. of this sum as statutory penalty and damages; (3) for $100 attorney's fees; and (4) for all costs of the case.

The defendant appealed and the plaintiff has answered the appeal and prays that the judgment in his favor be amended by increasing the principal sum from $400 to $450, and by increasing the attorney's fees allowed from $100 to $150.

### Opinion.

In its presentation of its appeal to this court the defendant contends, first, that there is no liability under the policy sued on for the alleged reason that the plaintiff had breached the warranty in the policy relative to the model of the truck and as to its value. It contends further that if the court should hold that the alleged breach of warranty had not voided and annulled the policy and relieved it from all liability, the maximum recovery should be the sum of $320, which sum it contends would repair the truck and would put it in as good as, if not better condition than it was at the time of the fire.

The policy of insurance states that the truck was the "current year" model. Since the policy is dated September 22, 1930, it would be presumed that it was a 1930 model, while as a matter of fact it was a 1929 model. Plaintiff has never claimed the truck to be a 1930 model. In his petition he alleges that it was a 1929 model. In the policy the motor number was given and upon simple investigation it would have been found that that number of motor was in a 1929 model truck. So the policy itself really describes the truck as a 1929 model and not a 1930. The sale contract that was executed at the time that the truck was purchased, and which was signed by the plaintiff, states that the truck was a 1929 model. As far as the record discloses, it is likely that the agents of the defendant, in writing up the policy, got their information from this contract furnished by the dealer who sold the truck to the plaintiff. The dealer's work sheet and the purchaser's statement were also furnished the defendant to be used as a basis for writing the policy. These documents were attached to the sale contract and do not pretend to state the model year of the truck. It is not in evidence that the plaintiff ever personally furnished any information on which the policy was issued. All information was obtained from the records of the seller. So it cannot be said that the plaintiff ever anywhere stated, orally or in writing, that the truck in question was a 1930 model. On the contrary, all the written data on which the policy could have been based states that the truck was a 1929 model, so that the erroneous statement in the policy is bound to be an error on the part of the defendant's own agent and cannot affect the plaintiff.

Furthermore, the truck had a 1930 model transmission in it that was put in it for the purpose of inducing the plaintiff to purchase it. So for all intents and purposes it was a 1930 model truck, worth just as much money as the new model. This being true, even though plaintiff had warranted it to be a 1930 model, the breach of this warranty did not void the policy for the reason that such a breach would not and did not increase either the moral or physical hazard under the policy within the provision of Act No. 222 of 1928.

Next it is claimed that the actual cash value of the truck was $699.50, instead of $759.50, as stated in the policy. It is unquestionably true that the 1929 model truck was valued at $699.50, but, as an inducement to plaintiff, a 1930 transmission was installed in it at an actual cost of $60, which made the value of this particular truck $759.50, as stated in the policy. The bookkeeper erroneously entered this charge of $60 as a discount, when as a matter of fact the seller allowed the plaintiff an additional $60 on the trade in value of a secondhand truck. A good deal of ingenious argument is employed by defendant's counsel to show that the $60 was a discount. But the fact remains that the truck was actually worth $759.50 because of the expenditure of $60 on account of the installation of the 1930 model transmission. This is the price used in the act of sale taken in connection with the work sheet. In other words, the carrying charge of $63 subtracted from $822.50, the sale price named in the act of sale, leaves exactly $759.50. We conclude, therefore, that the actual cost to assured stated in the policy to be $759.50 is correct and there is no breach of warranty in connection therewith.

Under the testimony, the truck was a complete loss. If it could be repaired for $320, as defendant's witness says it could be, it was the duty of the defendant to do it. Plaintiff sues for $450, and the judgment of the lower court allowed only $400. To begin with, the truck was actually worth $759.50. Plaintiff bought it new in 1930 and it was burned in 1931, after having been driven between 15,000 and 18,000 miles. There were four new tires on it worth $124. J. E. Brunson, truck manager for Hicks Motor Company, examined the truck ten days before the fire and valued it at $475. Harry C. Andress, manager of Andress Motor Company of Shreveport, appraised it at $450. Defendant's witness who testified that $320 would repair the truck admitted that before the fire it was worth from $450 to $475. So the testimony is unanimous that at the time of the fire the truck was worth at least $450.

The judgment should therefore be increased to that amount.

■ The lower court allowed attorney's fee in the sum of $100. Since the case has been appealed to this court and the attorney has been called upon to do a great deal more work, we think it nothing but fair that this should be increased to $150, the sum originally prayed for.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, amended by increasing the amount allowed for the value of the truck from $400 to $450, and by increasing the amount for attorney's fee from $100 to $150, and, as thus amended, it is affirmed; the costs of both courts to be paid by the defendant.