### ALEXANDER v. HOME INS. CO. OF NEW YORK.

No. 4332.

Court of Appeal of Louisiana. Second Circuit.

Nov. 10, 1932.

■■■■

For former opinion see 142 So. 708.

Thatcher, Browne, Porteous & Myers, of Shreveport, and Clifford E. Hays, of Minden, for appellant.

John T. Campbell, of Minden, for appellee.

McGREGOR, J.

The original opinion in this case was handed down by us on June 29, 1932, and published in 142 So. 708. In that opinion we awarded judgment for $450 as the value of the car alleged to have been totally destroyed by fire, and for $150 attorney's fee. On the application of the defendant and appellant a rehearing was granted.

When we were considering this case on the former hearing, we were impressed with the plaintiff's contention that his car was a total loss, and on that basis we awarded him what we considered was the value of his truck before the fire. The judge of the lower court handed down a written opinion in which he found and held that the truck was "entirely valueless" and "a total loss" after the fire. We have reread the record carefully and do not find any testimony that satisfactorily substantiates this contention. Throughout his examination of the plaintiff, counsel referred to the truck as having been "destroyed by fire," and the plaintiff apparently answered the questions propounded to him with that assumption in mind. But nowhere in his testimony or in that of any of his witnesses do we find a positive affirmative statement that the truck was a complete and total loss.

■■ In his brief, both on the former hearing and on the rehearing, counsel for the plaintiff devoted his efforts to establishing the actual value of the truck before the fire, and he satisfactorily fixed this at between $450 and $500. But nowhere does he show by whose testimony it was established that the loss by fire was total. On the contrary, defendant and appellant produced one expert automobile and truck mechanic who testified that he examined the truck after the fire and that his company would undertake to repair it and guarantee that it would be at least as good, if not better than it was before the fire, for the sum of $320. This testimony was unopposed and uncontradicted at the trial, and that being the case, we are bound to be guided by it and the judgment should have been for that amount in the first instance. The attorney's fee accordingly should be reduced to $100, as $150 would be an excessive fee for the recovery of only $320, even though the work involved is probably worth more.

But in cases of this kind the courts try to follow certain approximate standards based on relative proportions.

For the reasons assigned, our former judgment herein is amended by reducing the amount allowed for the damage done to the truck from $450 to $320, and by reducing the attorney's fee from $150 to $100. Since the judgment of the lower court is being reduced on appeal, the costs of this court will have to be borne by the plaintiff and appellee.

In all other respects our former judgment is reinstated, and as amended herein is made the final judgment of this court, and it is so ordered.