RACY CLARDY, RESPONDENT, v. UNIVERSAL LIFE INSURANCE CO., APPELLANT.—79 S. W. (2d) 509.

Kansas City Court of Appeals. February 18, 1935.

*James D. Pouncy* for respondent.

*Carl R. Johnson* for appellant.

SHAIN, P. J.—The respondent, hereinafter referred to as plaintiff, brought this action against the appellant, hereinafter referred to as defendant, for alleged benefits claimed due under an industrial policy issued by the defendant to the plaintiff.

The issuing of the policy is admitted and issues of fact as to injury and disability and as to proof of loss are eliminated, in that the defense is interposed that the policy had lapsed and had been canceled before the alleged injury and disability had occurred.

The policy was issued on September 24, 1928, and contained the condition as follows:

"15. This Policy is a term contract renewable on the option of the Company on each Anniversary Date hereof without prejudice to any pending claim, and the legal reserve on the life insurance element herein shall be computed and maintained accordingly."

The suit at bar was filed in the Justice of the Peace Court of Jackson County, Missouri, on March 20, 1933. Default judgment was had against the defendant in the justice of the peace court and cause was appealed to the circuit court. In the circuit court the plaintiff filed an amended petition and defendant joined issue by answer.

The injury complained of in the case at bar is alleged as commencing on February 7, 1933. It is shown by the record herein, that on the twenty-second day of February, 1933, the plaintiff brought suit against the defendant on the same policy herein in issue. The suit of February 22, 1933, is shown to have been for benefits for injuries alleged as occurring in March, 1932.

In this first suit it appears that was a judgment for the plaintiff and said judgment is shown to have been fully satisfied on August 1, 1933.

The fact of the above suit becomes important, for the reason that the plaintiff presents that the above debt due to him by defendant was sufficient in itself to keep the policy in issue in force on February 7, 1933, when the injury causing the disability herein sued for is alleged to have occurred.

The evidence discloses that the plaintiff had paid premiums on his policy on August 22, 1932. It appears to stand undisputed that

this payment on August 22, 1932, paid all premiums up to the anniversary date in 1932.

It appears that the plaintiff tendered premiums in September and in successive months thereafter, but that same were refused by the defendant and the defendant told the plaintiff, at the time the plaintiff tendered premium for after the anniversary date, 1932, that the company would not accept his sick and accident risk but would accept as to policies of his wife and children.

According to the defendant's testimony, the plaintiff's policy here in issue, is shown as officially cancelled on October 10, 1932.

Trial was by jury resulting in a verdict for the plaintiff in the sums of $208 principal, $10 interest and $75 attorney fees, totaling $293. No allowance was made for vexatious delay. Judgment was entered in accordance with the verdict and from this judgment the defendant has appealed.

### OPINION.

The defendant presents five points designated as assignment of errors. In these assignments, the defendant follows a popular but erroneous practice, in that the assignments as a rule simply state a conclusion of error, without assignment of reason. We conclude, however, that there is presented serious questions for review that go direct to the right of the plaintiff to recover.

The defendant as an assignment, point one, says as follows:

"The court should have given a directed verdict for the defendant."

The plaintiff in his brief presents against point one as follows:

"The court properly overruled defendant's motion or instruction in the nature of a demurrer for a directed verdict in favor of the defendant."

It appears that the defendant, at the close of the plaintiff's case, offered a peremptory instruction directing a verdict for the defendant and the same was refused. The defendant thereafter offered evidence but did not ask for a peremptory instruction at the close of all the evidence and the case was submitted under instructions given by the court.

At the close of the evidence, however, the defendant asked and the court refused an instruction as follows:

"I.

"The court instructs the jury that the policy upon which plaintiff's suit is based is term insurance and that the insurer, or defendant, has the option to renew it or cancel it on any anniversary date irrespective of pending claims and that it was under no obligation to maintain said policy beyond its anniversary date."

The refusal of Instruction 1 (I) is assigned as error.

The solution of all matters presented for review rests upon the

question of whether or not the existence of an indebtedness from defendant to plaintiff, growing out of a disability based upon liability accruing prior to the anniversary date, 1932, precluded the defendant from cancelling the policy at the time of the anniversary date, 1932, as is provided under clause 15 of the contract, which clause is above set forth in full.

There is no question but what the policy in question was in full force and effect until the anniversary date in 1932. It is provided in clause 15 of the policy that cancellation on any anniversary date is without prejudice to any pending claim. Such, of course, would be the law even if not expressed in the clause.

We conclude, as a matter of law, that under the provisions of the contract herein in issue, the right of the defendant to cancel the policy on any anniversary date is not barred by reason of the fact that there was a claim pending or unpaid on said anniversary date.

The plaintiff's own testimony is clear to the effect that the defendant refused further premiums and expressly told the plaintiff that it would not carry him further on sick and accident coverage. It further appears that the defendant had paid plaintiff's former claim and the same had been accepted in full before the trial herein.

To continue plaintiff's insurance beyond the date fixed as the anniversary date, required the making of a new contract. Such contract, of course, could be established by the conduct of the insurance company, in thereafter accepting premiums or by other acts tending to show continuance of the contractile relation. However, in the face of the plaintiff's own testimony and in the absence of any fact or circumstance to show that defendant had continued the contract, there is no hypothesis from which it can be concluded otherwise than, that the policy in issue was cancelled at the end of said anniversary period. [Eicks v. Fidelity & Casualty Co., 300 Mo. 279, 253 S. W. 1029.]

The conclusion cannot be escaped, when the full record be considered, that the defendant brought much confusion into the trial of the case by urging that the policy had lapsed by reason of the plaintiff's failure to pay dues. Such defense is utterly inconsistent with an assertion that it, under the provisions of clause 15 of the policy, had cancelled same and refused to accept the dues when offered by the plaintiff.

The inconsistent positions taken in the trial of this case by the defendant, we conclude, led the trial court into error and caused the case to be submitted on the theory that the policy in question. was such an industrial life insurance policy as was under consideration in North v. National Life & Accident Ins. Company of Nashville, Tennessee, reported in 231 S. W. 665. The policy in the above case was a life term policy, which provided for sick benefits. Such a policy, of course, could not be forfeited, by the act of

the company, for nonpayment of premiums when the insured was entitled to enough sick benefits to pay premiums.

The policy in issue in the case at bar is not a life term policy but is a term contract, which reserves option in the company to refuse to renew at the end of an anniversary period.

This case was tried below on a wrong theory. The law, as declared by the court, is sound law when applied to a life term policy, but is error when applied to a term contract with such reserved rights of cancellation as the policy in issue contains. It follows that the plaintiff's Instruction 1 (I) was in error and refusal of defendant's Instruction 1 (I) was error. Many other errors are shown as a consequence of the matter stated above.

It is hard to convict the trial court for error that is induced by the defendant's inconsistency, and, if there was any escape, we would not do so, and, if permissible, we would penalize the defendant with costs of appeal.

However might our desires be, we are confronted with the fact that the plaintiff bases his cause of action on a contract alleged as existing on February 7, 1933, when his own evidence conclusively shows that the contract had been cancelled several months before the matters, upon which he predicates liability, had existence.

It follows that the peremptory instruction offered by the defendant at the close of the plaintiff's case should have been given. The defendant should have stood upon its demurrer and the confusion that followed would have been avoided. However, as the plaintiff testified that he was informed by the company, when he tendered premium to continue the policy, that it would not accept his sick and accident risk and refused to take further premiums, and, as there is no testimony shown from which anything else than cancellation on October 10, 1932, can be inferred, there can be no laudable purpose in remanding this case for a rehearing.

Basing our action on our conclusion that all the evidence conclusively shows that the contract sued upon had been fully cancelled before the happening of the disability plead, the judgment is reversed. All concur.