## NATIONAL LIFE & ACCIDENT INS. CO. v. DOVE.

### No. 4056.

Court of Civil Appeals of Texas. Beaumont.

Dec. 24, 1942.

Rehearing Denied Jan. 6, 1943.

Mantooth & Denman, of Lufkin, for appellant.

Francis M. Chaney, of Dallas, and Musslewhite & Fenley, of Lufkin, for appellee.

WALKER, Chief Justice.

This suit was filed July 29, 1941, in district court of Angelina county by appellee, Lemmie C. Dove, against appellant, the National Life & Accident Insurance Company, for sick benefits on a health policy issued by appellant to appellee on July 4, 1938, at a premium rate of 50 cents per week. Appellee alleged that he became ill about March 1, 1940, or prior thereto, and as a result of this illness, developed a serious heart ailment of arteriosclerosis and myocarditis; he prayed for sick benefits at $12.50 a week for 26 weeks during the year of 1940, beginning with April 1, and $12.50 a week for 26 weeks during the year of 1941, beginning with April 1, aggregating a disability claim of $650, and for $500 attorney's fees and $78 as a twelve per cent penalty. The pleadings of the parties are sufficient to support all points and counter points of error. The case was tried to the court without a jury on April 15, 1942, on appellee's amended petition, filed on the 11th of February, 1942. Judgment was for ap-

pellee for 26 weeks disability during 1940 and 26 weeks during 1941 as prayed for, as for a continuous illness beginning on the 25th of March, 1940, for an attorney's fee of $200, and for the statutory penalty in the sum of $75, from which appellant has regularly prosecuted his appeal.

We sustain appellant's point that it canceled, as of April 2, 1940, the policy in issue. This conclusion is so clearly supported by the record that we cite no evidence to support it. But the cancellation, by the very terms of the policy, was "without prejudice to any claim originating prior thereto."

Appellant denied all liability on the policy, subsequent to the date of the cancellation. Subsequent to that date, appellee made no effort to comply with any of the requirements of the policy as to giving notice of claim or filing proofs of loss. By its denial of liability appellant waived all provisions of the policy requiring appellee to give notice of claim and to file proofs of claim, subsequent to the date of cancellation. 24 Tex.Jur. 1111.

But the court found that appellee had suffered a continuous disability from sickness, within the coverage of the policy, from March 25, 1940, up to the filing of the suit, and that he had complied with the conditions of the policy necessary to fix liability for the benefits provided by the policy, or that appellant had waived compliance. On these findings the court rendered judgment in favor of appellee for disability benefits for 26 weeks for 1940 and 26 weeks for 1941, at $12.50 per week, this being the coverage of the policy on the facts found by the court. Appellant attacks these fact conclusions. On the issue of "continuous illness" appellee testified (Q. & A. reduced to narrative) : "I have been confined to my bed most ever since February, 1940. Sometimes I have to get a taxi to bring me to the doctor, sometimes I can't go to get something to eat and Mr. Murphy has some of them bring it to me. Doctors Stewart, Sweatland and Wade have been treating me since I got sick in February, 1940. Dr. Stewart is the colored doctor and he has been to see me one to three times a week since 1940. I went to see Dr. Wade in February, 1940. He treated me some in 1941. Dr. Sweatland treated me in July and August before I had Dr. Wade. The only time I am out of bed is when I take exercise and go to see the doctor. Dr. Stewart signed claim blanks for me in 1940. Mr. Meade and Mr. Franklin came to my house. They came representing the insurance company to get me to sign a receipt cancelling my policy. When they came I was in bed. They paid me a claim the day they attempted to cancel my policy. Neither Mr. Meade nor Mr. Franklin had attempted to cancel my policy prior to April 2nd. They cancelled the insurance the day they paid me my claim. Before that time I had some illness in February. I had the flu in February. Since I had the flu my heart has been affected. They are treating me for my heart at this time."

The trial was to the court without a jury. The facts as summarized support the conclusion that appellee suffered a continuous illness.

But appellant asserts that appellee's arteriosclerosis and myocarditis, upon which he predicated his suit, "did not arise and accrue until sometime in May, 1941." Appellee's testimony raised the issue that he had been confined to his bed continuously subsequent to February, 1940; one of his doctors visited him for treatment from one to three times a week through his continuous illness. Appellant concedes that in May, 1941, appellee had a heart disease. Appellee testified that he suffered with his heart back in February, 1941. The court was authorized to find that the sickness which began in March, 1940, was of the nature put in issue by the pleadings. It follows that the continuous illness found by the court began prior to the cancellation of the policy, and, therefore, constituted a claim under the policy, and was of the nature plead by appellee.

Appellant also attacks the conclusion that appellee had complied with the necessary precedent conditions governing the giving of notice and proofs of loss, or that appellant had waived compliance. Subsequent to March 25, 1940, appellee furnished appellant proofs of his illness. These proofs were accepted by appellant, acted on and payments made thereon. In fact appellant made one payment to appellee on April 2, 1940, the very day the policy was cancelled. This conduct by appellant was an unequivocal act, showing its intention to waive any and all irregularities as to the time of notice. Equitable Life, etc., v. Ellis, 105 Tex. 526, 147 S.W. 1152, 152 S. W. 625. By its cancellation of the policy on April 2, 1940, and denial of all liability after that date, appellant waived all of the requirements of the policy as to notice and proof.

■ The weekly payments for benefits were limited as follows: "Only twenty-six (26) will be paid during any twelve (12) consecutive months, or for one continuing illness * * *; provided, however, that should this Policy remain continuously in force for two full years * * * the limit of benefits for one continuing illness * * * will be fifty-two (52) weeks."

On our conclusion that the policy was cancelled on April 2, 1940, it had not been in force two years on the date of cancellation. But this fact does not support appellant's point that it was liable for only 26 weekly benefits for the first year. Appellee suffered a continuous disability from the 25th day of March, beginning prior to the cancellation. The cancellation of the policy did not cancel its obligation to pay benefits for this continuous illness, for the cancellation, by the terms of the policy, was without prejudice to appellee's claim for benefits based on his continuous illness which began prior to the cancellation.

■ Appellant makes the point against appellee's recovery of attorney's fees and statutory damages, that he had not made the statutory "demand" required by Art. 4736, R.C.S., Vernon's Ann.Civ.St. art. 4736. Prior to the filing of the suit, appellee did not make the statutory demand. The letters written by his attorneys to appellant dealt only with proofs of claim, and if it be conceded that the proofs were in due form, or that appellant waived the defects therein, the mere filing of the proofs—and that was the extent of appellee's proof on this issue—did not constitute the statutory demand. Provident Life & Accident Ins. Co. v. Sims, Tex.Civ.App., 149 S.W.2d 281. It is also the law, that the mere filing of a suit to recover on a policy does not constitute the statutory demand. National Life Insurance Co., etc., v. Mouton, 113 Tex. 224, 252 S.W. 1040, 1041. But that case by the Supreme Court announces the following proposition: "It is, however, not necessary to the validity of such a demand that it be made before the institution of a suit, provided the plaintiff, after the expiration of 30 days therefrom as specified in said article, by proper averment, sets up such demand by amended petition."

Appellee's demand falls within this rule; its original petition was filed on the 29th day of July, 1941, and the case was tried on its amended petition filed on the 11th day of February, 1942, in which the "proper demand" was made.

■■ On the issue of attorney's fees, appellee offered Judge R. Ralston as his witness. Answering the question which summarized generally the facts of this case, its importance, and the amount involved, and the controlling issues, Judge Ralston testified: "I would say $300.00 would be a reasonable attorney's fees." The trial court by his judgment fixed the attorney's fee at $200. In passing on the issue of attorney's fees, the trial court and this court have the right "to look to the entire record and view the matter in the light of the testimony, the record before it, the amount in controversy, and the common knowledge and experience of the members of this court as lawyers and judges." American National Insurance Co. v. Mays, Tex.Civ.App., 97 S.W.2d 975, 976; Acme Life Insurance Co. v. White, Tex.Civ.App., 99 S.W.2d 1059; Southland Life Insurance Co. v. Norton, Tex.Com.App., 5 S.W.2d 767, 769. The item of attorney's fee is not excessive.

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.