**AMERICAN BENEFIT ASSOCIATION,**
Appellant,

v.

**Oral J. RUSSELL, Appellee.**

No. 6427.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 27, 1954.

Rehearing Denied Nov. 8, 1954.

Carl G. Edwards, Amarillo, for appellant.

Rogers & Thompson, Pampa, for appellee.

MARTIN, Justice.

Appellee, Oral J. Russell, as plaintiff in the trial court, sued appellant, American Benefit Association, as defendant, for hospital expenses and benefits alleged to be due him under a hospitalization policy issued by appellant. The hospital expenses were incurred during January and February, 1953 and appellant's defense to the suit was that the policy had been cancelled on December 1, 1952 as provided by its terms. Judgment was rendered for plaintiff in the amount of $400.44 and appellant perfected an appeal.

The appeal is based on three points of error. Appellant's first point of error is that the appellee's petition is insufficient to state a cause of action in that it does not allege that the policy was cancelled during a period of disability for which the company was liable. Appellant's second point of error is that the court erred in holding that the policy was wrongfully cancelled and in rendering judgment against appellant because, under the terms of the policy, appellant had a right to refuse to accept further premiums on the policy and to cancel the same on December 1, 1952. Appellant's third point of error is that the facts do not bring the case within the exception in the policy that states "the Association cannot cancel the policy during any period of disability for which the Association is liable".

As revealed by appellant's brief, and also by the record, only two provisions of the hospitalization policy are material to this appeal. The material elements of such provisions are as follows:

"If the insured or any dependent, on account of any injury or sickness originating during any term of this policy shall be necessarily confined within a licensed hospital, the Association shall reimburse the insured, or will pay the hospital * * *.

"The Association cannot cancel this policy * * * during any period of disability for which the Association is liable."

On a trial of the cause, the facts were stipulated by the parties and only such facts as are material to a determination of the appeal are quoted here:

" * * * that said policy together with the amendments thereto, was in full force and effect to December 1, 1952.

"That in April, 1952, the Plaintiff, Oral J. Russell, sustained a disability and loss covered by this policy, and that such disability was continuous between the periods of April, 1952 and February 25, 1953.

"That the sickness for which the plaintiff was operated on in January and February originated sometime during April, 1952; * * *."

Since appellant's first point of error questions the sufficiency of plaintiff's pleadings in the cause, excerpts will be quoted from the petition insofar as the same are pertinent to the cause of action. "Plaintiff further shows unto the court that on the dates hereinafter noted, he sustained hospital, medical, and surgical expenses the cause of which originated during the term of this policy; * * *" The hospital expenses are shown in the petition as ac-

cruing from January 13, 1953 to January 31, 1953 and from February 21, 1953 to February 25, 1953 at Highland General Hospital. "Plaintiff alleges that the above expenses were incurred by him caused by a surgical operation in which plaintiff's gall bladder was removed and which was performed on him by Dr. Frank W. Kelly of Pampa, Gray County, Texas and that such gall bladder trouble, the cause of such hospital expenses, originated on or about the 20th of April, 1952 while this policy was in full force and effect. * * * and in this connection, plaintiff shows that the illness and sickness causing the damages and expenses herein sued for, is a continuing disability and that under the policy contract, this defendant may not lawfully cancel said policy during the continuation of such disability * * *". Appellee's petition sufficiently pleads the issues material to his cause of action under the provisions of the hospitalization policy here in issue.

■ The agreed statement of facts reveals that the illness resulting in the hospitalization of appellee during the months of January and February, 1953 originated April, 1952 when the policy of insurance issued by appellant was in full force and effect. Therefore, under the terms of the policy issued by appellant, it could not avoid liability for such hospital expenses by cancelling the policy December 1, 1952 as appellee's illness and necessary confinement in the hospital on account of such illness originated during the term of the policy. Under the express provision of the policy as quoted hereinabove, the association was required to reimburse the insured for the actual hospital expense incurred by appellee on account of any sickness originating during any term of the policy. It also follows, under the provisions of the policy, that since the association was liable for the period of disability in issue, it could not cancel the policy and thereby defeat liability.

The rule governing the issues on this appeal was promulgated by the Court of Civil Appeals in National Life & Accident Ins. Co. v. Dove, 167 S.W.2d 257, 259, in the following language: "It follows that the * * * illness found by the court began prior to the cancellation of the policy, and, therefore, constituted a claim under the policy, and was of the nature plead by appellee." Judgment of Court of Civil Appeals affirmed 141 Tex. 464, 174 S.W.2d 245.

Under the above authorities, appellant's points of error are overruled and the judgment of the trial court is affirmed.