Albert E. HOLLAND

v.

CALEDONIAN INSURANCE COMPANY

and

Michigan Fire and Marine Insurance Company.

Civ. A. No. 5184.

United States District Court
W. D. Louisiana,
Alexandria Division.

March 12, 1957.

Gravel, Humphries, Sheffield & Mansour, Alexandria, La., for plaintiff.

R. W. Williams, Jr., Odom & Belanger, Baton Rouge, La., for defendants.

HUNTER, District Judge.

Plaintiff seeks recovery on two standard fire insurance policies issued by defendants, Caledonian and Michigan. There are no controversial issues of fact.

The core issues are: (a) Is a recital (in number of feet) as to the location of a home with reference to its position relative an adjacent structure such an essential feature of the risk that a discrepancy of 150 feet would void a policy where, as here, it is stipulated as not being material in any way to the risk or premium rate? (b) If it is, did the conduct or acts on the part of the defendants' agents constitute a waiver thereof which would estop the company from asserting a forfeiture?

On October 3, 1956, judgment was granted plaintiff. A motion for a rehearing was denied and written reasons assigned therefor on October 19, 1956. Pursuant to the Court's instructions, plaintiff submitted suggested formal findings. We now make formal findings as follows:

(1) Plaintiff, Albert E. Holland, is a citizen and resident of Louisiana.

(2) Defendant, Caledonian Insurance Company, is a Connecticut insurance corporation authorized to do and doing business in Louisiana.

(3) Defendant, Michigan Fire and Marine Insurance Company, is a Michigan insurance corporation authorized to do and doing business in Louisiana.

(4) Caledonian issued and delivered a standard fire insurance contract to plaintiff, effective March 21, 1953, being a pro rata coverage on all property individually described, listed and valued in said policy schedule of insurance as the *"Albert E. Holland property on Rigolette Road, Route 1, Pineville, Louisiana."*

(5) Michigan-insurer issued and delivered a standard fire insurance contract to plaintiff, effective March 21, 1953, being a pro rata coverage for all property individually described, listed and valued in the said policy schedule of insurance as the *"Albert E. Holland property on Rigolette Road, Route 1, Pineville, Louisiana."*

(6) Each of the said policies of insurance expressly permitted concurrent insurance on all property listed, described and valued in the schedules and particularly the two items involved in this suit, being listed, described and valued in said schedule as follows:

| Item 2 | $4000.00 | Nil | Nil | One one story, frame, composition roof dwelling occupied by owner situated 75 feet east of Item 1. | | |
|---|---|---|---|---|---|---|
| | | | | Fire | 1.25 | 50.00 |
| | | | | Extended Coverage | .375 | 15.00 |
| | | | | To eliminate $50 ded. cl. | | 12.50 |
| | | | | | | 77.50 |
| Item 3 | $1500.00 | Nil | Nil | On contents while contained in building described in Item No. 2. | | |
| | | | | Fire | 1.25 | 18.75 |
| | | | | Extended Coverage | .375 | 5.63 |
| | | | | | | 24.38 |

(7) All premiums due under the terms of the policies for the three (3) year term from March 21, 1953, to March 21, 1956, had been paid by plaintiff and accepted by defendants through their designated local underwriting agent, Walter H. Hetherwick, d. b. a. Hetherwick Insurance Agency of Alexandria, Louisiana, on or about the issuance date of the policies.

(8) On February 22, 1954, while said policies of insurance were in full force and effect, a fire of an undetermined origin occurred on plaintiff's premises, completely destroying the one story, frame, composition roof dwelling occupied by plaintiff and his family as the family dwelling and its contents (insured under items 2 and 3 as described in Finding No. (6) ).

(9) Plaintiff notified defendants' agent, Walter H. Hetherwick, of the fire loss and submitted applicable proof of loss forms to Manuel E. Gutierrez, an employee of General Adjustment Bureau of Alexandria, Louisiana, who was adjusting the loss for defendant-insurers.

(10) Defendant insurers paid for the total loss of February 22, 1954, fire, and at the time settlement was made no cancellations were effected on the policies nor was any refund offered on unearned premiums.

(11) Both policies contained the so-called "Loss Clause", which reads as follows:

"Any loss hereunder shall not reduce the amount of the policy."

(12) Mr. Gutierrez understood Mr. Holland was in fact in the process of immediately rebuilding the family dwelling and made mention of this fact in his investigative report that was compiled and forwarded to the defendant-insurers for the purpose of reporting the loss of February 22, 1954.

(13) A new family dwelling was then built on the "Albert E. Holland property on Rigolette Road, Route 1, Pineville, Louisiana", but it was erected approximately 150 feet east of the exact spot where the original family residence burned. Numerous factors made this advisable. *The fact that the residence was not being rebuilt on the identical spot where the old residence was located was fully known to the insurer's agent. The defendants and their agent treated the policies as being in full force and effect after becoming fully aware of all*

*the circumstances, and the premiums were retained by the insurer after its agent had acquired full knowledge of the fact.*

(A). A reasonable man under all the circumstances here would have interpreted the conduct of defendants and their agents to mean that the recital as to exact location would not be relied upon to deny coverage in case of a fire.

(14) The re-built family residence and its contents were of the same type and value as the one destroyed by the first fire, *and it was stipulated that the difference of approximately 150 feet in the location of the first and second residence did not affect the insurance risk and would not have affected the premium. Insurers concede that the "Loss Clause" of the policies would have automatically and ipso facto re-installed the coverage afforded if the new family residence had been exactly 75 feet east of item 1, but argue that any deviation therefrom would make the policy ineffective.*

(15) Mr. Walter H. Hetherwick, the insurance companies' agent, was under the impression the normal procedure would be followed to place the insurance for the remainder of the term (which had approximately two years remaining) on the new family dwelling, without the necessity of cancelling the present policies or issuing new contracts.

(16) On August 29, 1954, some six months after the first fire loss and while the policies of insurance were still in full force and effect, a second fire loss completely destroyed plaintiff's newly constructed one story, frame, composition roof dwelling, used as the family residence, together with all of its contents.

(17) Plaintiff again notified defendants' agent, Walter H. Hetherwick, of the second fire loss and submitted applicable proof of loss forms. Defendants denied coverage but *agreed that if there is coverage, it is for the full amount of the claim.*

(18) Giving the words "arbitrary", "capricious" and "without probable cause" their normal meanings, defendants' refusal to pay under the facts and circumstances of this novel case was not arbitrary or capricious or without probable cause.

Conclusions of Law

(1) The Court has jurisdiction of the parties and the subject matter under the Diversity Statute, 28 U.S.C.A. § 1332.

(2) The law to be applied in this case is the law of Louisiana. Erie R. Co. v. Tompkins,, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

(3) The "Loss Clause" in the policies simply operated as a re-instatement. If for any reason defendants did not wish to retain coverage after the first loss, they were obligated to cancel and refund the unearned premium. They did not do this, and when the family residence was replaced and refurnished in type and value, the insurance coverage also attached to the newly constructed unit and became a contingent liability. The second fire loss in August, 1954, converted this contingent liability into a contractual obligation to pay the loss. The very purpose of the clause was to cover such an event as occurred here.

(4) An insurance policy is a contract between the insurer and the insured, and the courts are bound to give legal effect to it according to the intent of the parties, the intent to be determined by the words of the contract when these are clear and explicit and lead to no absurd consequences. Art. 1945, LSA–Civil Code; Oil Well Supply Co. v. New York Life Insurance Co., 214 La. 772, 38 So.2d 777.

(5) A description (in feet) as to the location of a house with reference to its position relative to an adjacent structure, admittedly not material to the risk or premium rate in any way, is not such an essential feature of the risk under the facts of this case to void the policies. A contrary holding would lead to absurd consequences and be in direct contravention of the provisions of Louisiana Statutes Annotated Revised Statutes of 1950, 22:692, which reads as follows, to-wit:

"§ 692. Breach of warranties and conditions of fire policies and applications therefor.

"No policy of fire insurance issued by an insurer on property in this state shall hereafter be declared void by the insurer for the breach of any representation, warranty or condition contained in the said policy or in the application therefor. *Such breach shall not avail the insurer to avoid liability* unless such breach (1) shall exist at *the time of the loss, and be either such a breach as would increase either the moral or physical hazard under the policy,* or (2) shall be such a breach as would be a violation of a warranty or condition requiring the insured to take and keep inventories and books showing a record of his business. *Notwithstanding the above provisions of this Section, such a breach shall not afford a defense to a suit on the policy if the fact or facts constituting such a breach existed at the time of the issuance of the policy and were, at such time, known to the insurer or to any of his or its officers or agents,* or if the facts or fact constituting such a breach existed at the time of the loss and were, at such time, known to the insurer or to any of his or its officers or agents, except in case of fraud on the part of such officer or agent or the insured, or collusion between such officer or agent and the insured." (Emphasis mine.)

Also see Alexander v. Home Insurance Co. of New York, La.App., 142 So. 708, amended La.App., 144 So. 201; Perry v. Fidelity & Guaranty Fire Corporation of Baltimore, Maryland, 17 La.App. 563, 136 So. 755.

■ (6) Because of the conduct of its agents, defendants here are estopped from asserting the description discrepancy relied on to defeat recovery because plaintiff relied upon and was erroneously lead to believe that the condition in the policy relative the location of the house would not be relied upon by the issuing companies. 45 C.J.S., Insurance, § 704, p. 671.

(7) Defendant, by brief and argument, relies almost exclusively on Howard Foundry Co. v. Hartford Fire Insurance Co., 7 Cir., 222 F.2d 767, 770. There, the insured owned farms with structures thereon in Sections 15 and 22 of a certain McHenry County, Illinois. It was held that the loss by fire of structures in Section 22 was not covered by the policy of insurance describing acreage and structures in Section 15. Howard is clearly inapposite here, because (a) Holland's house was rebuilt on the same plot of land located on Rigolette Road, Route 1, Pineville, Louisiana; (b) the Louisiana law and not the Illinois law governs; and (c) it has been stipulated and agreed that the difference of approximately 150 feet in the location of the property in no way affected the hazards, the insurance risk, or the premiums.

■ (8) Because defendants' refusal to pay under the facts and circumstances of the novel case was not arbitrary or capricious or without probable cause, plaintiff is not entitled to recover damages and attorneys' fees.[1]

### Conclusion

Judgment is ordered entered in favor of plaintiff, Albert E. Holland, and against defendants, Caledonian Insurance Company and Michigan Fire and Marine Insurance Company, jointly and in solido in the principal sum of $5,500 with legal interest thereon from date of judicial demand until paid. A proper form of judgment should be prepared and forwarded to the Court for signature.

1. Occhipinti v. Boston Ins. Co., La.App., 72 So.2d 326; Fidelity-Phenix Fire Ins. Co. of New York v. Dyer, 5 Cir., 1955, 220 F.2d 697.