Leonard F. HARMAN and Ruth V. Harman, Plaintiffs,

v.

AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Defendant.

No. 249-57-Y.

United States District Court
S. D. California,
Central Division.

Oct. 18, 1957.

Lyman A. Garber, Beverly Hills, Cal., for plaintiffs.

Bolton & Groff, Los Angeles, Cal., for defendant.

HARRISON, District Judge.

In this diversity action for declaratory relief, the plaintiffs seek to forestall a cancellation of two insurance policies covering two family structures located at 666 Beachcombers Road and 669 Sea Point Lane, located in the area known as Portuguese Bend Club, Portuguese Bend, California. This area is southerly of Los Angeles and westerly of the City of San Pedro.

The defendant issued fire insurance policies on the abovementioned structures and included in said policies a provision insuring, among other risks, said premises against "All Physical Loss".

Both policies were in effect during the fall of 1956, when a massive and continuing land movement commenced in the Portuguese Bend area, affecting a large number of properties, including the two aforementioned. Damage was first noted by the insured in October 1956. The company inspected the properties in November and December of 1956, and again in January 1957. Damage was substantial and continuous. By January 26, 1957, the damages were estimated by the company at over $4,500 to 666 Beachcombers Road, and about $2,000 on Sea Point Lane. On January 20, 1957, with full knowledge of the existing land movement, the company issued notices of cancellation of both policies, effective January 4, 1957, attempting to comply with Sections 650 and 2071 of the Insurance Code of California (West's Annotated Calif.Codes).

However, said notices of cancellation would not terminate liability where a continuing loss had already commenced, until the loss by damage had been complete or the cause of the loss had ceased. 29 Am.Jur. 261; 32 C.J. 1246; 45 C.J.S. Insurance § 447 (see cases cited thereunder); Globe & Rutgers Fire Insurance Co. of New York v. David Moffat Co., 2 Cir., 154 F. 13. Nor would the expiration of the policy affect

the liability of the defendant where the damages continue incessantly. Pruitt v. Hardware Dealers Mutual Fire Ins. Co., 5 Cir., 112 F.2d 140. Nor would an event which would ordinarily terminate the policy abrogate the coverage after the loss insured against commences. Davis v. Connecticut Fire Ins. Co., 158 Cal. 766, 112 P. 549, 32 L.R.A.,N.S., 604; see also Rochester German Insurance Co. v. Peaslee-Gaulbert Co., 120 Ky. 752, 89 S.W. 3, 1 L.R.A.,N.S., 364–369.

In Home Insurance Co. of New York v. Heck, 1872, 65 Ill. 111, 116, the Supreme Court of Illinois held:

> "[I]f there was an impending fire from a quarter different from the one which first caused apprehension, the insurer would have no right to cancel the policy. It would be an act done in the face of a threatened and approaching danger, and which the insurers were not competent to do. Such a right would render policies of insurance valueless."

While in Illinois there was mere impending danger, in the case at bar, actual and substantial damage had occurred.

A contract of insurance is an agreement to indemnify the insured against loss from contingencies which may or may not occur. When the contingency arises, then and only then does the liability of the insurer become a contractual obligation. Holland v. Caledonian Ins. Co., D.C., 149 F.Supp. 476; 9 Words and Phrases, Contingent, p. 109. There then remains no "risk" which could be the subject matter of insurance. The contingency having occurred, there is nothing the insurer can unilaterally do to alter the policy with respect to a loss that is already in being. All that remains is the determination of the extent of the damage.

> "It is well settled that 'the cancellation of an insurance policy does not affect rights which have already accrued under the policy in favor of the insured or of a third person

\* \* \*' (29 Am.Jur. 261)." Insurance Co. of North America v. U. S., 4 Cir., 159 F.2d 699, 701.

The defendant in argument and in its brief recognizes its liability for slippage until the total destruction of the property, or until the present movement ceases and the land again becomes stable, but contends that other risks assumed by the defendant ended upon the notice of cancellation.

With this we cannot agree. It is easily understood why the defendant desires to escape the risk of fire. The hazards of fire are greatly increased by the earth movement and fire protection under the present conditions is at a minimum in the area affected.

The premiums being entire, these contracts of insurance are indivisible, and counsel for defendant so recognizes. See also 17 C.J.S. Contracts § 331, p. 788; Goorberg v. Western Assur. Co., 150 Cal. 510, 89 P. 130, 10 L.R.A.,N.S., 876; United States v. Bethlehem Steel Corp., 315 U.S. 289, 298, 62 S.Ct. 581, 86 L.Ed. 855.

In this case we must remember that the inclusion of "All Physical Loss" provisions in residential fire insurance policies is of recent origin and as a result the case law is very limited. See "Western Underwriter", April 1957, page 40. This court has been faced with the problem of determining the law without much aid from precedents. The court has endeavored to resolve doubts and ambiguities in the interpretation and construction of the policies in favor of the insured (Calif.Civil Code, § 1654; Raulet v. Northwestern Nat. Ins. Co., 157 Cal. 213, 107 P. 292), and thus prevent the insurer from taking an unjust and unfair advantage of the insured and weaken the purpose for which the policies were issued.

To permit revocation while the contingency insured against is occurring would be to sanction the commission of fraud upon the insured. This court should not be a party to such conduct.

I am therefore of the opinion that the plaintiffs are entitled to a judgment declaring said policies to be in effect until the earth movement has become stabilized, or until the subject matter of the policies has been completely destroyed. The plaintiffs, being given the full continuing protection of the policies, must also continue the burdens imposed thereunder, and continue the payment of premiums. If plaintiffs elect to terminate the said premium payment, the policy shall only cover earthslide damage.

Counsel for plaintiffs is directed to submit to me, under the rules of this court, proposed findings and decree.