SERVICE LIFE INS. CO. *v.* BRANSCUM.

5-2552                                    352 S. W. 2d 586

Opinion delivered January 8, 1962.

*Yingling, Henry & Boyett,* for appellant.

*Lightle & Tedder,* for appellee.

NEILL BOHLINGER, Associate Justice.   This is an action brought by the appellee, Elizabeth E. Branscum, against appellant, The Service Life Insurance Company, to recover a sum of money due Bobby L. Hamm, who is a member of the family of appellee and admittedly covered by the policy issued by the appellant.

Bobby L. Hamm was injured in an automobile accident on March 20, 1959 when the appellant's policy was in full force and effect.   Hamm was hospitalized and the appellant paid benefits under its policy for Hamm's hospital confinement from March 21, 1959 to May 11, 1959 and also from June 8, 1959 to June 23, 1959.

After July 17, 1959, Hamm, the covered member, received additional hospitalization and medical care which appears to have been a continuation of his treatment for the injuries he received on March 20, 1959. It does not appear from the record before us that the treatment was not for injuries received in the March 1959 accident.

A monthly premium of $6.50 was due on the policy involved for the month beginning July 17, 1959 and appellee sent that amount to the company prior to July 17, 1959.   The appellant deposited the check but forwarded its own check to the appellee in the amount of $6.50 and advised the appellee that it had elected not to renew the policy except on the condition of certain waivers. After July 17, 1959 Hamm received additional hospitalization but the appellant declined to make any payment therefor.

Appellee thereupon brought suit in the White County Circuit Court for the sum of $728.57, penalty and attorney's fees, for the hospitalization received by Hamm after July 17, 1959.

The first point to be resolved is: Was the policy in full force and effect insofar as the claim for the later hospitalization is concerned? We conclude that it was.

In *Harman* v. *American Casualty Company,* 155 Fed. Supp. 612, the rule is stated as follows:

"A contract of insurance is an agreement to indemnify the insured against loss from contingencies which may or may not occur. When the contingency arises, then and only then does the liability of the insurer become a contractual obligation [citing authorities]. There then remains no 'risk' which could be the subject matter of insurance. The contingency having occurred, there is nothing the insurer can unilaterally do to alter the policy with respect to a loss that is already in being. All that remains is the determination of the extent of the damage."

In *Clardy* v. *Universal Life Ins. Co.,* 229 Mo. App. 682, 79 S. W. 2d 509, there was a question about a cancellation of an insurance policy on an anniversary date and its effect upon a pending claim. In that connection the court stated:

"It is provided in clause 15 of the policy that cancellation on any anniversary date is without prejudice to any pending claim. *Such, of course, would be the law even if not expressed in the clause."* [Emphasis added]

*American Benefit Asso.,* v. *Russell,* Tex. Civ. App. (1954), 278 S. W. 2d 316, states:

"The agreed statement of facts reveals that the illness resulting in the hospitalization of appellee during the months of January and February, 1953, originated April, 1952 when the policy of insurance issued by appellant was in full force and effect. Therefore, under the terms of the policy issued by appellant, it could not avoid liability for such hospital expenses by cancelling the policy December 1, 1952 as appellee's illness and necessary confinement in the hospital on account of such

illness originated during the term of the policy. Under the express provision of the policy as quoted hereinabove, the association was required to reimburse the insured for the actual hospital expense incurred by appellee on account of any sickness originating during any term of the policy. It also follows under the provisions of the policy, that since the association was liable for the period of disability in issue, it could not cancel the policy and thereby defeat liability.

The rule governing the issues on this appeal was promulgated by the Court of Civil Appeals in *National Life & Accident Ins. Co.* v. *Dove,* 167 S. W. 2d 257, 259, in the following language: 'It follows that the * * * illness found by the court began prior to the cancellation of the policy, and, therefore, constituted a claim under the policy, and was of the nature plead by appellee.' "

We think the case of *American Casualty Co.* v. *Horton,* Tex. Civ. App. 1941, 152 S. W. 2d 395, states the law as applicable here:

"The defendant's second proposition is that, because plaintiff only paid premium sufficient in amount to keep the policy alive for two months after the date of the accident, he was entitled to only two months' indemnity, or $100. To this, we cannot agree. The policy being in full force and effect when plaintiff was accidentally injured, resulting in total disability, his cause of action immediately arose, and he was entitled to recover the full amount of indemnity provided, irrespective of whether or not the policy was kept alive by the subsequent payment of premium."

And the case of *Prescott* v. *Mutual Benefit Health & Accident Asso.,* 133 Fla. 510, 183 So. 311, is very much in point. In that case the court said:

"Of course, the insurer could not avoid liability for a claim which had come into being under the terms of the policy by declining to accept renewal premiums tendered after the accrual of the claim."

We therefore conclude that the rights of the appellee accrued at the time of the injury while the terms of the policy were in full force and effect. The cause of action arose immediately at that time and the insured was entitled to recover the full amount that was due him under the policy. The appellee asked for the sum of $728.57, penalty and attorney's fees, and that amount does not appear to be contested. We find that the court was justified in making the award for those amounts.

It is true that the appellant contends that the policy expired prior to the July hospitalization but there is no showing made that this confinement was anything other than hospitalization which resulted from the March 1959 wreck.

Having determined that the appellee is entitled to recover, we do not deem it necessary to discuss the effect of appellant's refusal to accept the premium tendered it prior to the July expiration date of the policy.

The judgment is affirmed.

McFADDIN, J., concurs.

ED. F. McFADDIN, Associate Justice, concurring.

I concur in the affirmance of this case, but for a different reason than stated in the Majority Opinion. The case was tried to the Circuit Judge without a jury; and his findings have the force and effect of a jury verdict. It was stipulated that Mrs. Branscum mailed her check to the insurance company to pay the premium for the period beginning July 17, and expiring August 16. It was shown that the insurance company received her check and cashed it. Then, several days later, the insurance company sent Mrs. Branscum the company's check for the same amount, and advised her that the insurance company had elected to cancel the policy.

The evidence above detailed, and other in the record, was sufficient to support a finding by the Trial Court that the insurance company had, in fact, accepted Mrs. Branscum's check as a renewal of the policy, and that

the subsequent letter with check sent by the insurance company to Mrs. Branscum constituted an attempt to renege on the contract.

Therefore, I would affirm the judgment on the basis that the evidence supported a finding that the premium had been accepted.