METROPOLITAN LIFE INSURANCE COMPANY V. WILLIAM C. WANN.

No. 6927. Decided November 3, 1937.
Rehearing overruled December 22, 1937.
(109 S. W., 2d Series, 470.)

*Vinson, Elkins, Weems & Francis,* and *Fred R. Switzer,* all of Houston, for plaintiff in error.

The contract of insurance having been made in New York, the laws of which do not authorize recovery for attorney's fees and penalties, the statutes of Texas relating to such attorney's fees and penalties are not applicable. Metropolitan Life Ins. Co. v. Wann, 81 S. W. (2d) 298; Davis v. Metropolitan Life Ins. Co., 161 Tenn. 655, 32 S. W. (2d) 1034; Equitable Life Ins. Co. v. Hall, 253 Ky. 450, 69 S. W. (2d) 977.

Where a contract of insurance provides for payment of thirty monthly installments of a fixed amount "upon receipt at home office of the company of due proof" that the insured had become totally and permanently disabled, the filing of such proof is a condition precedent to plaintiff's right to maintain an action upon the contract. Commercial Union v. Preston, 282 S. W. 563; First Texas Prudential v. Long, 46 S. W. (2d) 297; Southern Casualty Co. v. Landry, 266 S. W. 804; Brown County Farmers' Assn. v. Heid Bros., 37 S. W. (2d) 1067.

Since the only testimony that any proof of disability was

made is the oral testimony of the insured, the question of whether such proof was made is one of fact and should have been submitted to the jury. Cheatham v. Riddle, 12 Texas 112; Mills v. Mills, 228 S. W. 919; City Inv. & Loan Co. v. Wichita Hardware Co., 127 Texas 44, 91 S. W. (2d) 683.

*McLean & Scott* and *Glover Johnson,* all of Fort Worth, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This is the second appeal of this case. William Charles Wann sued the Metropolitan Life Insurance Company to recover upon a certificate of insurance issued to him in accordance with the terms of a group policy theretofore issued by the insurance company to the employees of Southern Pacific Lines of railroad in Texas and Louisiana. His suit was based upon allegations of total and permanent disability as defined in the certificate. Upon the first trial he recovered judgment in accordance with the prayer of his petition. Upon appeal the Court of Civil Appeals reversed and rendered the case on the ground that, as a matter of law, he was not totally and permanently disabled. 28 S. W. (2d) 196. Both parties filed applications for writs of error and each was granted. In an opinion by the Commission of Appeals, approved by the Supreme Court, it was held that the group policy to which the certificate referred, constituted a part of the contract upon which the suit was based, and that Wann was not entitled to recover upon the certificate because of his failure to make proof of the terms and conditions of the group policy. The judgments of the Court of Civil Appeals and the trial court were accordingly reversed and the cause remanded. The Court expressly declined to pass upon the question of total and permanent disability for the reason that until the terms and provisions of the group policy were established it would not be proper to do so. 41 S. W. (2d) 50.

The second trial resulted as the first and the judgment of the trial court was affirmed by the Court of Civil Appeals. 81 S. W. (2d) 298. The application of the insurance company for a writ of error was granted and the whole case is again before us.

Three major questions are presented for decision and will be considered in the following order: First, the liability of the insurance company for penalties and attorney's fees; second, whether there was any competent evidence that the insured furnished proof of loss, and, third, whether an issue of fact was raised on the question of total and permanent disability.

The group policy was issued by the insurance company insuring the lives of the employees of the railroad company in stated basic amounts and providing for additional amounts upon written applications of such employees under certain conditions not important here to state. Wann availed himself of the right granted in the group policy to procure additional insurance. The original certificate issued to him in accordance with the provisions of the group policy was for $250.00. Thereafter the amount was raised to $2,500.00 and a second certificate was issued. In the trial court he was awarded twelve per cent. penalty and substantial attorney's fees in accordance with the provisions of the statute of Texas. Art. 4736.

It was stipulated upon the trial as follows:

"It is agreed that the group policy 2000G, sued on in this case, was issued by the Metropolitan Life Insurance Company, a New York corporation, on or about December 31, 1923, in the State of New York and delivered in the State of New York to the Southern Pacific Company, incorporated under the laws of Kentucky. That no law, either statutory or common, existed in the State of New York on December 31, 1923, nor at any time since has existed in the State of New York, which authorizes the recovery of a statutory penalty or attorney fees against an insurance company for failure to pay a loss."

The question presented is whether the policy provisions are governed by New York law or Texas law.

Article 5054 of our Revised Statutes provides:

"Any contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, and governed thereby, notwithstanding such policy or contract of insurance may provide that the contract was executed, and the premiums and policy (in case it becomes a demand) should be payable without this State, or at the home office of the company or corporation issuing the same."

█ That article by its express terms applies only to insurance companies or corporations doing business within this State. It was held by the Court of Civil Appeals in this case, in accordance with prior decisions by other Courts of Civil Appeals in some of which writs of error were refused by this Court, that the issuance of the certificate and the delivery thereof in this State

constituted doing business in this State, and that therefore, perforce the article just quoted, the policy is ruled by the Texas law. We have heretofore given sanction to that holding by refusing applications for writs of error in other cases. For example see Metropolitan Life Insurance Co. v. Worton, 70 S. W. (2d) 216. However, in a recent opinion by the Supreme Court of the United States in Boseman v. Connecticut General Life Insurance Co., 301 U. S. 196, 57 Sup. Ct. 686, 81 L. Ed. 1036, 110 A. L. R. 732, a contrary conclusion was announced. The opinion in that case cited a number of cases by Courts of Civil Appeals of this State and announced that that court was unable to agree with them. Among those cited was the opinion of the Court of Civil Appeals in the instant case. Others were: Connecticut General Life Ins. Co. v. Moore, 75 S. W. (2d) 329; Connecticut General Life Ins. Co. v. Dent, 84 S. W. (2d) 250; Connecticut General Life Ins. Co. v. Lockwood, 84 S. W. (2d) 245; Metropolitan Life Ins. Co. v. Worton, 70 S. W. (2d) 216.

That opinion properly states that the cited cases are similar to the one before that court. That decision is on a question of conflict of laws and will be followed by this Court. In deference thereto we hold that the policy provisions are governed by the laws of New York and not by the laws of Texas, unless it be established upon another trial that at the time the group policy was issued the plaintiff in error was doing business in this State. This record contains no proof of that fact, but as the question was not developed one way or the other upon the trial the case will be remanded for another trial.

■■ For another reason the award of penalties and attorney's fees can not be upheld. As a condition precedent to the right to recover same a demand must be made thirty days before the filing of the petition upon which the cause is tried, and that petition must allege the demand. Such demand may be made after the institution of the suit, but must be thereafter set up by an amended petition. The filing of a suit is not a demand within the statute. Mutual Life Ins. Co. v. Ford, 103 Texas 522, 131 S. W. 406; National Life Ins. Co. v. Mouton, 113 Texas 224, 252 S. W. 1040; Northwestern Life Ins. Co. v. Sturdivant, 24 Texas Civ. App. 331, 59 S. W. 61; Universal Life & Accident Ins. Co. v. Ledezma, 61 S. W. (2d) 165; Washington Fidelity National Ins. Co. v. Williams, 49 S. W. (2d) 1093.

The record before us fails to establish a demand followed by a petition seasonably filed in which such demand is set up. The evidence on this question will not be discussed for a different situation may be presented upon another trial.

■ By the terms of the policy the filing of proof showing that the insured was totally and permanently disabled was a condition precedent to recovery. When a policy contains such provision and the proof fails to establish that the insured has complied therewith no right of recovery is shown. Scottish Union & National Ins. Co. v. Clancy, 83 Texas 115, 18 S. W. 439; Delaware Underwriters, etc., v. Brock, 109 Texas 431, 211 S. W. 779; Commercial Union Ins. Co. v. Preston, 115 Texas 351, 282 S. W. 563, 45 A. L. R. 1016; First Texas Prudential Ins. Co. v. Long, 46 S. W. (2d) 297; Garrison v. Great Southern Life Ins. Co., 72 S. W. (2d) 692. The provision may be waived by the insurance company, but no question of waiver is in this case.

■ In view of the fact that the case must be retried for the error above pointed out and the evidence on this question may be different upon the next trial, it is not deemed advisable to write at length upon this question. It is sufficient to state that, while the insured testified that he filled out blank proofs of loss furnished him by the company there is no testimony as to their contents or that they were properly mailed to the company. There is a difference between notice of injury and proof of total and permanent disability. Delaware Underwriters v. Brock, 109 Texas 431, 211 S. W. 779; Hartford Accident & Indemnity Co. v. Neiman-Marcus Co., 285 S. W. 603. The Court of Civil Appeals in its opinion refers to a letter written by the company to Walter D. Nicholson, plaintiff's attorney. We can find nothing from an examination of that letter which affords any evidence that the insured made proof that he had become totally and permanently disabled. Upon another trial the evidence upon this issue should be more fully developed.

The group policy contains this provision:

"Total and Permanent Disability Benefits. Upon receipt at the Home Office in the City of New York, of due proof that any employee, not working in Mexico, while insured hereunder, and prior to his sixtieth birthday, has become totally and permanently disabled, as the result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, the Company will, in lieu of the payment at death of the insurance on the life of the said Employee, as herein provided, pay equal monthly, instalments as hereinafter described to the said Employee, or to a person designated by him for the purpose, or if such disability is due to, or is accompanied by, mental incapacity, to the beneficiary of record of the said Employee."

The certificate contains this provision:

"Any employee shall be considered as totally and permanently disabled who furnishes due proof that, as the result of bodily injury suffered or disease contracted while his insurance was in force and prior to his sixtieth birthday, he is permanently, continuously and wholly prevented thereby from performing any work for compensation or profit."

The opinion of the Court of Civil Appeals makes a full and fair statement of the evidence with regard to the extent of the insured's injuries. In substance the evidence shows that he has entirely lost the use of his left hand and that he suffers pain in his left arm. After the injury he worked for a time as a news butcher on trains, but his expenses amounted to practically as much as his commissions and his work was attended with much pain. He later assisted his wife in running a luncheon and drink stand in a park in Fort Worth and once a week peddled peanuts at wrestling matches. None of his work brought him any substantial compensation.

The policy provides:

"Without prejudice to any other cause of disability, the entire and irrecoverable loss of the sight of both eyes, or loss of use of both hands, or of both feet, or of one entire hand and one entire foot, will constitute total and permanent disability within the meaning of this provision."

■ There is authority for the contention that where the policy expressly recognizes the loss of the use of both hands as a total disability it thereby implies that the loss of only one hand would not work a total disability. See Metropolitan Life Ins. Co. v. Foster, 67 Fed. (2d) 264. This conclusion is not in accord with the better reasoning and the weight of authority. Total and permanent disability is established, according to the provisions of the policy in question above quoted, where it is shown that the insured, as the result of bodily injury or disease, is prevented thereby from performing any work for compensation or profit. In a case where an insured has lost the use of both hands the policy provides that he is entitled to the benefits flowing to one totally and permanently disabled regardless of whether he can still pursue a gainful occupation. A person thus injured makes out a case by proof of the loss of both hands and evidence of his ability still to perform work for compensation would be wholly immaterial. On the other hand where an insured has sustained the loss of the use of but one hand the issue of whether

he was thereby prevented from performing any work for compensation or profit is one of fact. As stated in Jones v. Connecticut General Life Ins. Co., 114 W. Va. 651, 173 S. E. 259:

"This construction means that the total disabilities specifically named in the policy are not exclusive of others of like nature, but are simply to be accepted by the company at all events, leaving total disability from other causes to be determined by the circumstances of each particular case as it arises."

And in Gibson v. Equitable Life Assur. Society, 84 Utah 452, 36 Pac. (2d) 105, it is stated:

"Whether an injury results in a total and permanent disability is a question of fact. Under the foregoing clause, it is agreed that a showing of loss of the two members referred to establishes that fact. When some other injury is sustained, the consequent disability must be proved by some other or additional proof."

To the same effect is the Prudential Insurance Co. of America v. South, 179 Ga. 653, 177 S. E. 499, 98 A. L. R. 781.

No general rule can be announced governing the question of when one is totally disabled to pursue a gainful occupation. The term total disability is relative depending, among other things, upon the capabilities of the insured. No distinction is made by the courts between an accident policy and a life insurance policy containing a disability clause. An injury which might render an uneducated laboring man unable to pursue a gainful occupation might not impair at all the ability of a professional or business man to do so. Kemper v. Police & Firemen's Ins. Co., (Com. App.) 44 S. W. (2d) 978; Winters Mutual Aid Association Circle v. Reddin, (Com. App.) 49 S. W. (2d) 1095; Great Southern Life Ins. Co. v. Johnson, (Com. App.) 25 S. W. (2d) 1093; Buis v. Prudential Ins. Co., 229 Mo. App. 190, 77 S. W. (2d) 125; Duhaime v. Prudential Ins. Co., 86 N. H. 307, 167 Atl. 269; Ætna Life Ins. Co. v. Person, 188 Ark. 864, 67 S. W. (2d) 1007.

The evidence in this case raised a fact issue for the jury and the contention that only a question of law is presented can not be upheld.

The judgments of the Court of Civil Appeals and trial court are both reversed and the cause is remanded.

Opinion adopted by the Supreme Court November 3, 1937.

Rehearing overruled December 22, 1937.