**T. I. M. E., Inc., Appellant,**

**v.**

**MARYLAND CASUALTY COMPANY, a Corporation, Appellee.**

**No. 5188.**

Court of Civil Appeals of Texas.

El Paso.

July 24, 1956.

Rehearing Denied Oct. 3, 1956.

William F. Smith, Schuyler B. Marshall, Burgess, Scott, Rasberry & Hulse, El Paso, for appellant.

Tad R. Smith, Kemp, Smith, Brown, Goggin & White, El Paso, for appellee.

FRASER, Justice.

This is an appeal from the action of the 65th District Court of El Paso County, Texas, wherein said court granted a judgment non obstante veredicto in favor of appellee.

Appellant, who was formerly known as Southwestern Freight Lines, had brought suit against appellee upon an insurance policy. This policy was issued by appellee to El Paso Motor Company, and was a policy of automobile liability insurance and guaranteed the motor company as "the insured" against liability for personal injury or property damage arising out of the use of a certain Ford automobile, and obligated the appellee to defend suits involving any such claims. The policy further provided that in addition to the named insured, to-wit, the motor company, anyone using the Ford with permission of the motor company was also covered.

In the trial court one Alfonse Munroe was involuntary plaintiff. While the policy was in effect Monroe's use of the Ford automobile resulted in a three vehicle collision in which a truck operated by appellant was involved, as well as a car operated by a man named McConnell, who was General Manager of the El Paso Motor Company.

On the evening of March 31st, in El Paso, Texas, Munroe was driving the Ford automobile with permission of the motor company, and while taking his wife home from dinner, had a collision with another car at the intersection of Cotton Avenue and Overland Street. The Ford was so damaged that it would not run, and Munroe left it overnight at the scene of the accident, and apparently standing in one of the traffic lanes. The next morning appellant's truck collided with the said Ford and then with the car in which McConnell was seated, resulting in personal injuries upon McConnell.

McConnell in a prior suit sued appellant and obtained judgment for $3,750. Appellant brought a third party action against Munroe, seeking indemnity for any sum which might be adjudged against it in favor of McConnell. Appellee, the insurance company, refused to defend Munroe in said suit, giving as its reason that investigation of the accident showed he was not using the Ford with permission of the motor company. Appellant obtained a judgment over and against Munroe for the same amount, that McConnell recovered against it, on the theory that Munroe's use of the Ford was negligent as to appellant, whereupon appellant truck company paid the judgment in favor of McConnell and sought in the present suit to recover the amount of its judgment against Munroe from appellee insurance company.

During the trial the jury answered issues submitted to it in favor of appellant with reference to Munroe's permission to use the Ford. Some two months after the verdict of the jury had been received and filed, the trial court granted appellee's motion for judgment non obstante veredicto and rendered judgment for appellee. From this judgment appellant has duly perfected this appeal.

Appellant has briefed five points, basing his appeal on the ground that the reasons advanced for the motion for judgment non obstante veredicto consisted of two exceptions to the general liability in the insurance policy, but that these exceptions were never specifically pled by appellee, and no issues were submitted and tried by the court relative thereto, and that appellee had the burden of pleading such exceptions and that the matters therein contained could not therefore have been raised by the motion for judgment notwithstanding; also that the evidence did not conclusively prove that McConnell was an employee of the insured motor company, but rather an officer thereof, also that Munroe at the time of the col-

lision was not acting as an employee of the same employer as McConnell, to-wit, the motor company, and, finally, that the judgment against Munroe was for loss of appellant's property rather than for any injury to McConnell, and that the exceptions in the policy were therefore not applicable.

Among other things the policy in question provided:

"Citizens Finance Co., Inc., and its duly elected and corporated officers whose total remuneration is included in the payroll on which the premium for this policy is based, and Citizens Finance Co., Inc., D.B.A. El Paso Motor Co."

"Maryland Casualty Company (a stock insurance company herein called the Company) Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

\* \* \* \* \* \*

"III, Definition of Insured.

"With respect to insurance under Coverages A, B and D the unqualified word 'insured' includes the named insured and also includes (1) any partner, employee, director or stockholder thereof while acting within the scope of his duties as such, and any person or organization having a financial interest in the business of the named insured covered by this policy, and (2) any person while using an automobile covered by this policy, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. This policy does not apply:

"(a) To any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the business of such employer;

\* \* \* \* \* \*

"Exclusions.

"This policy does not apply

\* \* \* \* \* \*

"(d) Under coverages A and C, to bodily injury or to sickness, disease or death of any employee of the insured while engaged in the employment of the insured."

It seems undisputed that at the time of Munroe's accident that while he was not acting within the course of his employment, he was nevertheless an employee of the El Paso Motor Company and that McConnell at the time of his injuries (the following morning after Munroe's accident) was engaged in his duties as General Manager of insured.

It seems to us that the two questions necessary for decision are whether or not Alfonse Munroe was an "insured" at the time of his accident under the terms of the policy, and if not, was the burden of pleading the exceptions to the policy upon the appellee— in other words, did appellee waive the right to take advantage of the exceptions to liability in the policy by not pleading same in the trial of the lawsuit?

We believe that the cases as presented by both briefs, as well as other authorities, conclusively show that Munroe was not an "insured" at the time of his accident. He and McConnell (the injured man) were both employees of the insured at the time of the accident. The authorities cited clearly show the history and the intent of the exceptions alluded to here. Appleman on Insurance, Sec. 4416, p. 240; Lumber Mutual Casualty Ins. Co. of New York v. Stukes, 2 Cir., 164 F.2d 571 (and cases cited therein). They are obviously placed in the policy so as to provide that the policy intends and only covers liability of the insured resulting from damage to the general public, rather than to any injury, sickness or disease suffered by an employee injured

in the course of his employment in an accident arising when on the business of the employer and caused by the act of any other employee, or by the injury, or sickness, or disease, or death of an employee of an insured while engaged in the employment of the insured. We think these exceptions clearly indicate that the policy was intended to insure the insured against having to pay for any damage done to the general public, but not for any suffered by any of its employees, as stated above. These exclusions were intended to prevent any employee from recovering against the insured motor company from an injury inflicted either by employer or fellow employee. It seems well established that Munroe was an employee, and that McConnell was General Manager of the motor company and engaged in the business of his employer, therefore we must hold that Munroe was not an "insured" under the terms of the policy at the time of his accident, because of the exclusions discussed above (to-wit, Sec. (a) of Paragraph III).

■ Appellant also maintains that because the appellee did not present or plead these matters other than in his motion for judgment non obstante veredicto, that he therefore waived their consideration by the trial court. We think this might be true if the matters herein under consideration were concerned with the type or manner of loss involved, but here the question is whether or not the person involved was an insured. This involves the question of insurer's basic promise. If he is not, then the policy simply did not cover him and could not be the basis for any liability. These exceptions then are not the type of defense to an insurance policy that are ordinarily waived by non-presentation or pleading, but affect the basic liability under the policy; i. e., who does the policy cover? Was this man Munroe covered by this insurance contract at all? And so this is a matter of law, a basic or fundamental issue of law, not of fact, and completely decisive of the question of liability.

We think that appellee did not waive the benefits of these exclusions or exceptions by not pleading them in the main trial of the case, and hold that they are fundamental, or basic, in that the status of Alfonse Munroe was an element essential to the basic promise in the policy, and did not require to be affirmatively pled. Alamo Casualty Co. v. Richardson, Tex.Civ.App., 235 S.W.2d 726, n.r.e.; Preferred Life Ins. Co. v. Stephenville Hosp., Tex.Civ.App., 256 S.W.2d 1006.

We believe, therefore, that the trial judge was correct in his action, for the reason that Munroe as a fellow employee whose negligence caused McConnell's injuries was not covered by the policy purchased by the employer motor company.

■ Appellant has also raised the question that because McConnell was a General Manager, he would not therefore be an employee or fellow employee of Munroe. We overrule this point, as the record shows that McConnell was not an official of the company, and as General Manager would therefore be an employee under the terms of the exceptions.

We therefore overrule all of appellant's points, and the judgment of the trial court is accordingly affirmed.