**Peggy L. Pittman SCHROEDER et al., Plaintiffs,**

v.

**JOHN HANCOCK MUTUAL LIFE INS. CO., Defendant.**

**No. 10259.**

United States District Court
S. D. Texas,
Houston Division.

March 25, 1964.

Dyess, Dyess, Prewett & Cantey (Craig C. Cantey, Jr.), Houston, Tex., for plaintiffs.

Vinson, Elkins, Weems & Searls, Houston, Tex. (Judson R. Wood) Houston, Tex., for defendant.

NOEL, District Judge.

On September 29, 1962, this Court, in ruling on plaintiffs' motion for summary judgment, filed a memorandum decision, reported at 210 F.Supp. 756, by which it resolved all issues except the following:

"* * * [W]hether the employer, Lykes Bros., gave notice by 'any other means' of the termination of employment of Mr. Pittman for the purpose and with the intent of giving notice of the termination of insurance, and if so, when such notice was given."

On November 18, 1963, this remaining issue was tried before the Court without a jury.

Although in December of 1955 there were communications between Lykes Bros. and the insurance company concerning the retirement of Mr. Pittman and the converting of his group coverage into ordinary life coverage, these did not constitute notice of termination of employment for the purpose and with the intent of giving notice of termination of insurance as contemplated by the group policy and, furthermore, such notice was never given by "any other means," i. e., by any means other than in writing. Such notice was not given in writing until March 26, 1956, which was subsequent to Mr. Pittman's death on February 2, 1956. Since under the life insurance policy in question coverage would not terminate until the employer gave notice to the insurance company in writing or "by any other means" that Mr. Pittman's employment for the purpose of insurance

was terminated, and since such notice was not given before Mr. Pittman's death, the policy was in effect at the time of his death and plaintiffs are entitled to recover thereon.

Article 3.62 of the Texas Insurance Code, V.A.T.S., provides that when a life insurance company fails to pay for a loss within thirty days after demand, the company shall become liable for a 12% penalty and also for reasonable attorney fees for the collection of the loss. Here, demand for payment of the face amount of the policy was made upon defendant April 10, 1956, but was never paid.

Nevertheless, defendant contends that it is not liable for a 12% penalty on the ground that Florida law rather than Texas law is controlling. By stipulation the parties agreed that the laws of Florida provide for reasonable attorney's fees but do not provide for the collection of a penalty for failure to pay a claim. By stipulation the parties also agreed that $1,500.00 was a reasonable attorney's fee.

Plaintiffs' right to the 12% penalty, therefore, depends upon whether Texas or Florida law applies. In a diversity case a federal court must apply the conflict-of-law rules of the state wherein it sits. Klaxon v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

The pertinent conflict-of-law facts here are that the defendant, a Massachusetts corporation, delivered to the policyholder, Lykes Bros., a Florida corporation, the original group policy in the State of Florida on September 21, 1928. There is no evidence in the record to indicate that the defendant was at that time doing business in Texas, although the record does reflect that it has been doing business in Texas since August 9, 1937, and that, since this latter date, defendant's group policy has been amended at least eighteen times.

Plaintiffs urge that the Texas conflict-of-law rules in this area are enunciated in John Hancock Mut. Life Ins. Co. v. Stanley, 215 S.W.2d 416 (Tex.Civ.App.

1948); Connecticut Gen. Life Ins. Co. v. Lockwood, 84 S.W.2d 245 (Tex.Civ.App. 1935); and Connecticut Gen. Life Ins. Co. v. Moore, 75 S.W.2d 329 (Tex.Civ. App.1934).

The Stanley case is simply not applicable. There, the court allowed the Texas penalty provision simply because no evidence was introduced that the laws of the other states did not contain such a provision and no motion to judicially notice the laws of the other states was made pursuant to Rule 184a of the Texas Rules of Civil Procedure, V.A.T.S. Under such circumstances, the laws of the other states are considered the same as those of Texas. See 1 McCormick & Ray § 173.

The essence of the holdings in plaintiffs' other two cases is that although the group policy was made in another state, the issuance of a certificate of insurance and its delivery to an employee in Texas constituted doing business in Texas, and through the operation of Article 21.42 of the Texas Insurance Code [1] the policy became governed by Texas law.

Subsequent to these two cases the United States Supreme Court in Boseman v. Connecticut Gen. Life Ins. Co., 301 U.S. 196, 57 S.Ct. 686, 81 L.Ed. 1036 (1937) held that a certificate of insurance was not a part of the contract of insurance between the insurance company and the employer, and that its issuance to an employee in Texas could not be considered as business being done in Texas so as to trigger into effect Article 21.42.

Thereafter, the Commission of Appeals of Texas, in Metropolitan Life Ins. Co. v. Wann, 130 Tex. 400, 109 S.W. 2d 470, 115 A.L.R. 1301 (1937), adopted by the Supreme Court, followed the Boseman case and overruled the two Connecticut General Life Ins. Co. cases and other Texas Court of Civil Appeals cases to the same effect.

Therefore, the Texas conflict-of-law rules in this area are those set forth in the Wann case.[2] They are that a group insurance policy issued and delivered in a state other than Texas by a non-Texas insurance company is governed by the laws of the state where the group insurance policy is issued, *unless* it be established that at the time the group policy was issued the insurance company was doing business in Texas so that Article 21.42 would cause the policy to be governed by Texas law.

Here, it was not shown that the defendant was doing business in Texas at the time the original group policy was issued, but it was shown that it was doing business in Texas during many of the policy's amendments.

[5] Since the group policy which covered Mr. Pittman and in question here was not the original policy, but that policy as amended, I hold that Article 21.42 will cause the policy to be governed by Texas law if the defendant was doing business in Texas at the time of any of the amendments covering Mr. Pittman. This is particularly appropriate since the policy provisions "Discontinuance of Individual Insurance" and "Conversion Privilege," which as construed by the Court in its earlier Memorandum Opinion were dispositive of most of this cause, were not part of the original group policy. They were added by Amendment No. 6, which became effective September 15, 1949. The

1. It was then Article 5054 of Tex.Rev.Civ. Stat.Ann. The present Article 21.42 provides that "Any contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, and governed thereby, notwithstanding such policy or contract of insurance may provide that the contract was executed and the premiums and policy (in case it becomes a demand) should be payable without this State, or at the home office of the company or corporation issuing the same."

2. See also International Bhd. of Boilermakers v. Huval, 140 Tex. 21, 166 S.W.2d 107 (1942); 38 T.L.R. 211, 229.

defendant was at that time doing business in Texas; hence, by virtue of Article 21.42, Texas law providing for a 12% penalty is applicable.

I therefore hold that plaintiff is entitled to recover the face amount of the policy, with interest at 6% per annum after the date of demand until paid, and also 12% statutory penalty and $1,500.00 in attorney's fees.