AETNA INSURANCE COMPANY,
Appellant,

v.

Monette Guy DURBIN, Appellee.

No. 16933.

Court of Civil Appeals of Texas.

Dallas.

July 7, 1967.

David Westfall, of Bailey & Williams, Dallas, for appellant.

Harold B. Stone, of Kelsoe & Stone, Dallas, for appellee.

BATEMAN, Justice.

The appellant Aetna Insurance Company seeks the reversal of a judgment against it in favor of appellee Monette Guy Durbin under the "medical pay" provision of a "Family Combination Automobile Policy" issued by it to her. Appellee also sued Hardware Mutual Casualty Company, which had issued a garage liability policy to one Ralph Byington, d/b/a Byington Motor Company, which policy also had a provision for payment of medical expenses. The judgment of the trial court was that appellee take nothing against Hardware Mutual but have judgment against appellant for the full amount of her claim.

The essential facts were stipulated. The pertinent portion of appellant's policy obligated it to pay all reasonable medical, surgical, etc. expenses incurred within one year from the date of accident by the named insured (appellee) caused by accident "while occupying or through being struck by an automobile."

The Hardware Mutual policy provided similar protection to any person accidentally injured while using, with the permission of the named insured (Byington), an automobile used principally in Byington's garage operations.

Both policies provided that in the event of an accident written notice thereof "shall be given by or for the insured to the company or any of its authorized agents as soon as practicable."

Both policies also provided that as soon as practicable the insured or other person making claim shall give to the company written proof of claim including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable.

Appellee was injured while driving a certain automobile belonging to and with the permission of Byington, which car was covered by the Hardware Mutual policy.

Appellee did not file written proof of loss with either company, although she did "report" the accident to Byington at the time of the accident. She did not report it to Hardware Mutual until January 1965. On Monday, March 8, 1964, following the accident on Saturday, March 6, 1964, appellee went to the office of Bud Turner, of the Turner Insurance Agency at Decatur, Texas, which, as agent of appellant, had issued the Aetna policy to her. Turner told her that he was engaged in the trial of a lawsuit that day and did not have time to talk to her. She told him that she had some insurance business to report to him, and he told her to call him at a later time. On March 16, 1964, appellee called Turner by long distance telephone from California and reported the accident and claim to him in full, requesting him to advise her of any additional information which he would need in order for him to fully handle the claim with appellant, to which Turner replied that he had all of the information which he needed and that nothing further would be required of her. Her first written notice to appellant was in a letter dated July 24, 1964 from appellee's attorney to Turner again supplying him with the facts regarding the accident.

By its first two points of error on appeal the appellant complains of the judgment because (1) written notice of the loss was not given as soon as practicable as required by the contract, and (2) appellee failed to submit a proof of loss in accordance with the contract. Appellee replies that notice satisfactory to appellant was given and that appellant waived any further notice and is estopped to rely on the policy provisions requiring written notice and proof of loss, and that appellant did not specially plead want of notice under oath; also, that appellant waived any right it might have had to require proof of loss other than that furnished to it by telephone.

The requirements of written notice and written proof of loss or claim are clear-

ly designated in the policy as conditions precedent to liability. Therefore, no right of action lies against the insurer until those conditions are performed, or performance thereof has been waived or otherwise excused. Whitehead v. National Casualty Co., 273 S.W.2d 678, 680 (Tex.Civ.App., Fort Worth 1954, writ ref'd).

A leading case is New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56 (1945) wherein it was held that, when the policy makes the notice requirement a condition precedent to liability, failure to give such notice "as soon as reasonably possible invalidates the claim for indemnity," regardless of whether prejudice results to the insurer because of delay in giving it.

In Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95 (1955), the insurer learned of the accident a few days after it happened and employed an insurance adjuster to investigate it, but did not receive written notice for thirty-two days after the accident. It was held as a matter of law that such notice was not in compliance with the policy provision and that there could be no recovery.

In Allen v. Western Alliance Ins. Co., 162 Tex. 572, 349 S.W.2d 590 (1961), it was held as a matter of law that notice given 107 days after the accident was not "as soon as practicable." In Trinity Universal Ins. Co. v. Weems, 326 S.W.2d 302 (Tex.Civ. App., Austin 1959, no writ) notice given three and one-half months after the accident was held not to be "as soon as practicable." In National Surety Corp. v. Diggs, 272 S.W.2d 604 (Tex.Civ.App., Fort Worth 1954, writ ref'd n. r. e.) it was held that a delay of 104 days in reporting an accident was, as a matter of law, not "as soon as practicable." See also Houck v. State Farm Mutual Automobile Ins. Co., 394 S.W.2d 222 (Tex.Civ.App., Beaumont 1965, writ ref'd n. r. e.), and Kellum v. Pacific National Fire Ins. Co., 360 S.W.2d 538 (Tex.Civ.App., Dallas 1962, writ ref'd n. r. e.).

■ In the case at hand, even if the information given orally to appellant's agent on March 8 and March 16, 1964 may be assumed to have given appellant all of the information which written notice would have given, nevertheless the policy provided for written notice and no such notice was given for more than four months after the accident, and we hold that as a matter of law, because of her failure to perform conditions precedent, or show a valid excuse for not doing so, appellee was not entitled to recover.

The same principles apply to the admitted failure of appellee to furnish any proof of loss or claim as required by the policy. Metropolitan Life Ins. Co. v. Wann, 130 Tex. 400, 109 S.W.2d 470, 115 A.L.R. 1301 (1937); Commercial Union Assur. Co. v. Preston, 115 Tex. 351, 282 S.W. 563, 45 A.L.R. 1016 (1926); Williams v. Bankers Fire & Marine Ins. Co., 277 S.W.2d 742 (Tex.Civ.App., Waco 1955, writ dism'd).

■ Of course, such policy requirements may be waived by the company, but only by an officer or agent authorized to do so. There was no showing here that the agent, Turner, had either actual or apparent authority to waive those requirements, or to do anything for appellant other than to issue policies and receive such notices and proofs of loss or claim as might be furnished by claimants. The intent of the parties in this connection is reflected by paragraph 14 of the "Conditions" of the policy, to-wit:

"Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy."

■ Appellee contends that appellant waived its right to defend on the ground that notice and proof of loss were not

furnished in accordance with the policy requirements because appellant's pleadings setting forth those defenses were not under oath, as required by Vernon's Ann.Civ.St., Art. 5546 and Rule 93, Vernon's Texas Rules of Civil Procedure. We do not agree with appellee. It is true that Art. 5546 provides that in such cases "it shall be presumed that notice has been given unless the want of notice is especially pleaded under oath", and that subdivision (m) of Rule 93, T.R.C.P., provides that a pleading setting up that notice and proof of loss or claim for damage has not been given, as alleged, shall be verified by affidavit and that unless such plea is filed "such notice and proof shall be presumed and no evidence to the contrary shall be admitted." Some of the older cases, decided prior to the adoption of the Rules of Civil Procedure held that unless the defensive pleading of lack of notice or proof of loss were sworn to, the courts must indulge "the conclusive presumption" that notice and proof of loss were in fact duly furnished.* Appellant plainly alleged these defenses in its answer, appellee made no complaint of the lack of verification, and the parties stipulated the undisputed facts with respect thereto. Rule 67, T.R.C.P. provides that when issues not raised by the pleadings are tried by express or implied consent they shall be treated in all respects as if they had been raised in the pleadings; and Rule, 90 T.R.C.P. provides that every defect, omission or fault in a pleading, either of form or of substance, not specifically pointed out by motion or exception in writing and brought to the attention of the trial court before judgment shall be deemed to have been waived. Therefore, in our opinion, the issues as to whether appellee complied with her policy by furnishing the notice and proof of claim as required thereby were tried by consent and appellant's failure to swear to its pleadings raising those issues was waived. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562 (1943); American Casualty & Life Co. v. Butler, 215 S.W.2d 392, 397 (Tex.Civ.App., Galveston 1948, writ ref'd n.r.e.); Helms v. Day, 215 S.W.2d 356 (Tex.Civ.App., Fort Worth 1948, writ dism'd); Shaw v. Porter, 190 S.W.2d 396 (Tex.Civ.App., Fort Worth 1945, writ ref'd w.o.m.); Mullins v. Berryman, 296 S.W.2d 805 (Tex.Civ. App., San Antonio 1956, writ ref'd n.r.e.); Heusinger Hardware Co. v. Frost National Bank, 364 S.W.2d 851 (Tex.Civ.App., Eastland 1963, no writ). Appellant's first two points of error are sustained.

■ By its third point of error the appellant contends that the protection provided by its policy issued to appellee is "excess insurance", that the policy issued by the Hardware Mutual Casualty Company, since it covered the very automobile in which appellee was riding when injured, provided the "primary insurance", and that appellant was not liable until the protection afforded by the Hardware Mutual policy had been exhausted. We do not find it necessary to decide that question in this case for, under the record now before us, the question is immaterial. Hardware Mutual Casualty Company's alleged liability under its policy was presented to the trial court, which found that it was not liable thereon and rendered judgment that appellee take nothing as to it. That part of the judgment is not appealed from and is therefore final and *res judicata* as to the contention now made by appellant under its third point of error. On that ground we overrule appellant's said third point of error.

* E. g., Francis v. International Travelers' Ass'n, 260 S.W. 938 (Tex.Civ.App., Dallas 1924, affirmed in International Travelers' Ass'n v. Francis, 119 Tex. 1, 23 S.W.2d 282); Fidelity & Deposit Co. of Maryland v. Fidelity Finance Co., 111 S.W.2d 809 (Tex.Civ.App., Dallas 1937, writ dism'd). Compare, however, Travelers' Ins. Co. v. Scott, 218 S.W. 53 (Tex.Civ.App., Fort Worth 1920, writ ref'd), holding, as we do in the instant case, that the contention that the pleading of lack of notice was not verified comes too late when raised for the first time on appeal.

Both parties agree that the case has been fully developed. Therefore, because of appellee's failure and obvious inability to show performance, or a valid excuse for nonperformance, of conditions precedent to appellant's liability, the judgment is reversed and here rendered that appellee take nothing.

Reversed and rendered.