HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant,

v.

H. B. NEAL, Appellee.

No. 7178.

Court of Civil Appeals of Texas, Beaumont.

Nov. 5, 1970.

Rehearing Denied Dec. 10, 1970.

Orgain, Bell & Tucker, Beaumont, for appellant.

Seale & Stover, Jasper, for appellee.

KEITH, Justice.

The plaintiff, Neal, recovered a judgment in a trial to a jury on a policy of fire insurance against the defendant, from which this appeal is prosecuted. The parties will be referred to as they appeared in the trial court.

In our statement of the facts in the case, we omit all reference to the contentions of the parties with reference to the insurance coverage afforded plaintiff by the policy involved herein and will confine our discussion of the facts to the questions which we find to be controlling on the decision.

In January, 1969, the two buildings upon plaintiff's lot were damaged by fire. Plaintiff gave immediate oral notice of the fire to the local agent, who had originally issued the policy involved herein; but plaintiff did not at any time make or file any formal proofs of loss as required by the policy provisions. He testified that after his conversation with the local agent, an adjuster inspected the property, as will be shown more specifically hereafter.

Defendant brings forward two groups of points, each based upon an appropriate assignment in the motions for instructed verdict and for judgment non obstante veredicto, seeking reversal and rendition of the judgment. The first presents the "no evidence" question involving defendant's waiver of the filing of the proof of loss. The second seeks rendition because plaintiff did not request a jury issue on waiver of the proof of loss. Our view of the merits of the case makes a further statement unnecessary.

The Texas Standard Policy involved in this case contains the usual provision requiring the assured, in case of loss, to furnish to the company written proof of loss within ninety-one days after the loss occurs. When such proofs have been neither furnished nor waived, the insured fails to establish his right to recover on the policy. Commercial Union Assurance Company, Ltd. v. Preston, 115 Tex. 351, 282 S.W. 563, 566, 45 A.L.R. 1016 (1926); Metropolitan Life Insurance Co. v. Wann, 130 Tex. 400, 109 S.W.2d 470, 473, 115 A.L.R. 1301 (1937); Farmers Mutual Protective Ass'n of Tex. (R. U. O. S.) v. Thompson, 365 S.W.2d 226, 227 (Tex.Civ.App.—Houston, 1963, error ref. n. r. e.); Aetna Insurance Company v. Durbin, 417 S.W.2d 485, 487 (Tex.Civ.App.—Dallas, 1967, no writ); Norris v. Combined American Insurance Company, 429 S.W.2d 654, 656 (Tex.Civ.App.—Tyler, 1968, no writ).

Defendant, pursuant to Texas Rules of Civil Procedure, rule 93(m), denied under oath that plaintiff had filed proof of loss within ninety-one days after the fire. Anchor Casualty Co. v. Bowers, 393 S.W.2d 168, 170 (Tex.Sup., 1965).

Plaintiff pleaded waiver of the policy provision requiring proof of loss, his allegations being set forth in the margin.* The parties agree that plaintiff's testimony set out immediately below is all of the evidence offered on the point of waiver of the proofs of loss:

"Q. Now then, after that, after you'd reported the fire, did the Hartford send an adjuster out there to inspect the property and look it over?

"A. Several weeks later.

"Q. Did the adjuster make more than one trip there?

"A. Yes, he did.

"Q. Did he discuss with you the damage and loss?

"A. Yes.

"Q. Did you talk about it?

"A. We talked about it.

---

* "Defendant has waived any requirement of written proof of loss by its action in denying liability for a part of the loss, inspecting the damaged property, and admitting liability for a portion of the loss and making offers of settlement in specified amounts."

"Q. Did you get an estimate on the—on some damage on the front portion of the building and furnish it to him?

"A. Yes, I did.

"Q. After sometime did the Hartford deny liability as to part of it but admit they owed you part of it and make you some offers?

"A. That's right."

■ The name of the "adjuster", the date of his inspection, his authority (apparent or otherwise) is not shown in our record. In disposing of a similar contention, Justice Bateman, in Aetna Insurance Co. v. Durbin, supra, said:

"Of course, such policy requirements may be waived by the company, but only by an officer or agent authorized to do so. There was no showing here that the agent, Turner, had either actual or apparent authority to waive those requirements, or to do anything for appellant other than to issue policies and receive such notices and proofs of loss or claim as might be furnished by claimants."

Ours is an even stronger case for nonwaiver than the fact structure found in Millers Mutual Fire Ins. Co. of Texas v. Mitchell, 392 S.W.2d 703, 706 (Tex.Civ. App.—Tyler, 1965, no writ), wherein the authorities are reviewed. See also, Provident Fire Ins. Co. v. Ashy, 139 Tex. 334, 162 S.W.2d 684 (1942).

■ There is another compelling reason why the court should have granted defendant's motion for an instructed verdict or its motion for judgment non obstante veredicto. Plaintiff, having failed to file the required proof of loss within ninety-one days, labored under the burden of establishing as a fact that the defendant had waived such filing. Commercial Union Assurance Company, Ltd. v. Preston, supra (282 S.W. at 566); Farmers Mutual Protective Ass'n of Tex. (R. U. O. S.) v. Thompson, supra (365 S.W.2d at 227).

The court did not submit any issue on waiver and none was requested by plaintiff. This was an independent ground of recovery and was waived by plaintiff unless it is "conclusively established under the record." Rule 279; Glens Falls Insurance Co. v. Peters, 386 S.W.2d 529, 531 (Tex. Sup., 1965).

As might be expected, in his post-submission brief, plaintiff contends that waiver was "conclusively established under the record" by his quoted testimony. We have noted that the name of the alleged adjuster, his connection with defendant, his authority, and the date of the meeting are in no way shown in our record. In a similar case, West American Ins. Co. v. First State Bank of Rio Vista, 213 S.W.2d 298, 303 (Tex.Civ.App.—Waco, 1948, no writ), even stronger evidence resting solely upon plaintiff's testimony was held to be sufficient only to raise an issue of fact.

The point attacking the waiver of the proof of loss is a "no evidence" point, and in treating it we will follow the rule mentioned by Chief Justice Calvert in 38 Tex. Law Rev. 361, 364 (1960), " 'No Evidence' and 'Insufficient Evidence' Points of Error." Thus, we review the evidence in its most favorable light in support of the finding, considering only the evidence and the inferences which support the finding and rejecting the evidence and the inferences which are contrary to the finding. At best, the quoted testimony, admittedly all of the evidence on the subject, constituted but a scintilla of evidence supporting the waiver, and is, consequently, no evidence. *Calvert*, supra, at p. 363; Texas Sling Co. v. Emanuel, 431 S.W.2d 538, 540 (Tex.Sup., 1968); Seideneck v. Cal Bayreuther Associates, 451 S.W.2d 752, 755 (Tex.Sup., 1970). Points five and six are sustained.

The rule and the exception governing the weight to be given to the testimony of an interested witness is set out in Cochran v. Wool Growers Central Storage Co., 140

Tex. 184, 166 S.W.2d 904, 908 (1942), and need not be repeated here. Justice Greenhill had occasion to discuss the rule in detail in Anchor Casualty Co. v. Bowers, supra (393 S.W.2d at p. 170), and we note particularly his reference to the opportunity of the opposite party "of disproving the testimony, if it is not true, and fails to do so." See also, Broussard v. Moon, 431 S. W.2d 534, 537 (Tex.Sup., 1968).

Plaintiff contends that the defendant could have proved by the unnamed adjuster either he did not go out to inspect the property or that he did not make an offer of compromise; or, it could have offered the testimony of its agent that he did not (if such were true) request defendant to send out an adjuster to inspect the fire loss. In addition to *Bowers*, plaintiff cites several other cases which we have reviewed and find to be inapplicable. None consider testimony of such amorphous generality as we find here and none present a situation wherein the court finds that the evidence itself is a mere scintilla. Defendant's points seven and eight are sustained.

The "interest of justice" concept referred to by our dissenting brother is inapplicable to this cause, because of the failure of the plaintiff to request the issue on waiver. Counsel, having pleaded waiver, was under the burden of offering competent evidence of sufficient probative value to warrant the court in submitting the issue to the jury for determination. It was then his duty, if he were to prevail upon the theory of waiver, to request an appropriate submission of the issue. His failure to so request the issue was a waiver under Rule 279. It becomes our duty, therefore, to render the judgment which the trial court should have rendered. See National Life and Accident Insurance Company v. Blagg, 438 S.W.2d 905, 910 (Tex.Sup., 1969); Henderson v. Gunter, 160 Tex. 267, 328 S.W.2d 868, 873 (1959).

Plaintiff having failed to establish liability upon the part of the defendant, the judgment of the trial court is here and now reversed and rendered.

STEPHENSON, Justice (dissenting).

I respectfully disagree. I would remand this case for a second trial. Even though plaintiff may not have established, as a matter of law, waiver of the necessity of filing a proof of loss, a fact issue was raised, and in the interest of justice, the case should be remanded. Scott v. Liebman, 404 S.W.2d 288 (Tex.Sup., 1966); Dahlberg v. Holden, 150 Tex. 179, 238 S.W.2d 699 (1951).

"It is well settled that provisions of an insurance policy regarding notice and proof of loss are for the benefit of the insurer and may be waived by it." Walters v. Century Lloyds Ins. Co., 154 Tex. 30, 273 S.W.2d 66, 69 (1954). Citing Sanders v. Aetna Life Ins. Co., 146 Tex. 169, 205 S. W.2d 43 (1947) and Metropolitan Life Ins. Co. v. Wann, 130 Tex. 400, 109 S.W.2d 470 (1937).

The test as to whether or not waiver exists was given to us by our Supreme Court many years ago in Scottish Union & Nat. Ins. Co. v. Clancy, 83 Tex. 113, 18 S.W. 439, 440–441 (1892), as follows:

"It is a well-known principle in this class of cases that the acts relied on as constituting a waiver should be such as are reasonably calculated to make the assured believe that a compliance on his part with the stipulations providing the mode of proof of loss, and regulating the appraisement of the damage done, is not desired, and that it would be of no effect if observed by him."

See Texas Farm Bureau Mut. Ins. Co. v. Carnes, 416 S.W.2d 863 (Tex.Civ.App.— Corpus Christi, 1967, error ref. n. r. e.).

It is obvious the issue was not fully developed, as shown by the majority opinion. In addition to the testimony there quoted, evidence given by plaintiff showed he learned the day following the fire that defendant contended the back part of the property was not covered by the insurance policy. Further exploring along that line may reveal a denial of liability at that time.

The quoted evidence shows "after some-time" defendant denied liability, which may or may not have been within the ninety-one-day period prescribed by the policy. The law is clear in this state that a denial of lia-bility by an insurance company within the ninety-one-day period provided for filing a proof of loss constitutes a waiver of such necessity. Austin Building Co. v. National Union Fire Ins. Co., 403 S.W.2d 499 (Tex. Civ.App.—Dallas, 1966, error ref. n. r. e.) ; Aetna Casualty & Surety Co. v. Clark, 427 S.W.2d 649 (Tex.Civ.App.—Dallas, 1968, no writ) ; Knoff v. United States Fidelity & Guaranty Co., 447 S.W.2d 497 (Tex.Civ. App.—Houston, 1st, 1969, no writ).

Defendant has never denied that there was coverage upon the front building which was partially destroyed by the fire. Jus-tice would not be served if, in fact, defend-ant's actions are found to constitute waiver of the necessity to file a proof of loss.